IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| MICHAEL THAD ABLES,<br>　　　Petitioner,<br><br>v.<br><br>NATHANIEL QUARTERMAN, Director,<br>Texas Department of Criminal Justice,<br>Correctional Institutions Division,<br>　　　Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Civil Action No. 4:07-CV-413-A |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION
## OF THE UNITED STATES MAGISTRATE JUDGE
## AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

### I. FINDINGS AND CONCLUSIONS

#### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus under 28 U.S.C. § 2254 brought by Petitioner's parents, Dail and Carol Ann Ables, on Petitioner's behalf as next friends. *See* 28 U.S. § 2242; *Whitmore v. Arkansas*, 495 U.S. 149, 163-64 (1990).

#### B. PARTIES

Petitioner Michael Thad Ables, TDCJ # 1224897, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Gatesville, Texas.

Respondent Nathaniel Quarterman is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division.

C. Factual and Procedural History

On February 23, 2004, Ables entered a negotiated guilty plea to aggravated sexual assault of a child in Cause No. CR-11222 in the 266th Judicial District Court of Erath County, Texas, and was sentenced to twenty-five years' confinement. (State Habeas R. at 84) Ables did not directly appeal his conviction or sentence. (Petition at 3.) Thus the judgment of conviction became final thirty days later on March 24, 2004. On January 26, 2005, Carol Ables filed an application for writ of habeas corpus in state court on Ables's behalf, raising one or more of the claims presented herein, which was denied without written order by the Texas Court of Criminal Appeals on May 25, 2005. (*Id.* at cover) On June 9, 2005, Carol Ables filed a federal petition for writ of habeas corpus on Ables's behalf, however next friend status was denied, and the petition was dismissed for want of jurisdiction on January 31, 2006. *Ables v. Dretke*, Civil Action No. 4:05-CV-0372-Y. Dail and Carol Ables filed this petition on Ables's behalf on July 13, 2007, and met the prerequisites for next friend standing. As ordered, Quarterman has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which Dail and Carol Ables filed a reply.

D. Statute of Limitations

Quarterman argues that Ables's petition for writ of habeas corpus should be dismissed as time-barred. (Resp't Preliminary Resp. at 4-6.) 28 U.S.C. § 2244(d) imposes a one-year statute of limitations for filing a petition for federal habeas corpus relief. 28 U.S.C. § 2244(d). Section 2244(d) provides:

>     (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–
>
>         (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking

such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

*Id.* § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[1] For purposes of this provision, the judgment of conviction became final upon expiration of the time that Ables had for filing a timely notice of appeal on March 24, 2004. *See* TEX. R. APP. P. 26.2; *Flanagan v. Johnson*, 154 F.3d 196, 200-02 (5th Cir. 1998). Thus, the one-year limitations period began to run on that date and expired one year later on March 24, 2005, absent any applicable tolling.

Ables is entitled to statutory tolling of the limitations period under § 2244(d)(2) during the

---

[1] There are no allegations that the state imposed an unconstitutional impediment to the filing of Ables's petition for federal relief, that the Supreme Court has announced a new rule(s) applicable to Ables's claims, or that the factual predicate of his claims could not have been discovered sooner through the exercise of due diligence. Therefore, the statutory exceptions embodied in § 2244(d)(1)(B)-(D) do not apply.

3

pendency of his state habeas application, or 119 days, making his petition due on or before July 21, 2005. The prior federal habeas petition filed on Ables's behalf does not toll the limitations period under the statutory tolling provision. *See Duncan v. Walker*, 533 U.S. 167, 181 (2001).

Nor has Dail and Carol Ables alleged and demonstrated circumstances that prevented Ables or them on his behalf from filing a timely petition to warrant equitable tolling of the limitations period.[2] *See Felder v. Johnson*, 204 F.3d 168, 171-72 (5th Cir. 2000); *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999). Equitable tolling of the statute of limitations is permitted only if rare and exceptional circumstances beyond a prisoner's control make it impossible to file a petition on time. *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). The doctrine applies principally when a petitioner is actively misled by a party about the cause of action or is prevented in some extraordinary way from asserting his rights. *See Coleman v. Johnson,* 184 F.3d 398, 402 (5th Cir. 1999). In order for equitable tolling to apply, the applicant and/or next friend must diligently pursue § 2254 relief. *Id.* The petitioner bears the burden of establishing entitlement to equitable tolling. *See Phillips v. Donnelly,* 216 F.3d 508, 511 (5th Cir. 2000).

Mere ignorance of the law and claims of actual innocence do not justify equitable tolling. *See Felder*, 204 F.3d at 171-72; *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999). Moreover, allegations of a low I.Q. and/or mental incompetency or mental illness will not support equitable tolling in the absence of evidence demonstrating that such condition, incompetency or illness rendered the petitioner unable to pursue his legal rights during the relevant time period. *See Fisher*,

---

[2]Quarterman argues that equitable tolling is not applicable to federal habeas petitions based on the recent Supreme Court opinion in *Bowles v. Russell*, 127 S. Ct. 2360 (2007), however, the Fifth Circuit Court of Appeals has rejected this argument. *United States v. Petty*, ___ F.3d ___, 2008 WL 2315662, n.5 (5th Cir. June 6, 2008).

174 F.3d at 715-16. The state habeas court rejected the claim that Ables is mentally incompetent after considering the habeas application and the state's response together with the reporter's record of the plea proceedings and the court's own recollection and observations of Ables during the February 23, 2004 plea proceeding. (State Habeas R. at 222) This determination is entitled to the appropriate deference. 28 U.S.C. § 2254(e)(1). Even if the court were to assume Ables was and continues to be mentally incompetent to pursue his rights in a timely manner based on various psychological evaluations mentioned or provided to the court by Dail and Carol Ables (the most current in 2004), they have not diligently pursued federal habeas relief on Ables's behalf. In the previous federal habeas corpus action, the district court's January 31, 2006 "Order Adopting Magistrate Judge's Findings and Conclusions" expressly stated that the petition was dismissed "without prejudice for want of jurisdiction, *except as to any application of the federal statute of limitations or other federal procedural bar that may apply*." (emphasis added) Moreover in footnote nine of the order, the court noted: *"As a result of amendments to the habeas corpus statutes, a one-year statute of limitations is now applicable to the filing of non-capital § 2254 habeas corpus petitions in federal court. . . ."* (emphasis added) Yet Dail and Carol Ables waited nearly sixteen and half months to file the instant petition. The Ableses' argument that the initial federal petition was improperly dismissed is of no consequence. They had the opportunity to appeal the district court's order and judgment dismissing the action, but did not take advantage of the opportunity.

Ables's federal petition was due on or before July 21, 2005. His petition was filed beyond the limitations period and is, therefore, untimely.

## II. RECOMMENDATION

Ables's petition for writ of habeas corpus should be dismissed with prejudice as time-barred.

5

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 30, 2008. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

### IV. ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until June 30, 2008, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the

United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 10, 2008.

    /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE