IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 5 2008

CLERK, U.S. DISTRICT COURT
By _____
Deputy

MICHAEL THAD ABLES, §
§
    Petitioner, §
§
VS. §     NO. 4:07-CV-413-A
§
NATHANIEL QUARTERMAN, §
DIRECTOR, TEXAS DEPARTMENT §
OF CRIMINAL JUSTICE, §
CORRECTIONAL INSTITUTIONS §
DIVISION, §
§
    Respondent. §

O R D E R

Came on for consideration the above-captioned action wherein
Michael Thad Ables is petitioner and Nathaniel Quarterman,
Director, T.D.C.J., Correctional Institutions Division, is
respondent. This is a petition for writ of habeas corpus filed
pursuant to 28 U.S.C. § 2254. On June 10, 2008, the United
States Magistrate Judge issued his proposed findings,
conclusions, and recommendation ("FC&R"), and ordered that
petitioner file objections, if any, thereto by June 30, 2008. On
June 27, 2008, Dail and Carol Ann Ables, as next friends of
petitioner, filed objections to the FC&R.[1]

In accordance with 28 U.S.C. § 636(b)(1) and Rule 72 of the
Federal Rules of Civil Procedure, the court makes a _de novo_
determination of those portions of the proposed findings,
conclusions, and recommendation to which specific objection is

---

[1]Dail and Carol Ann Ables are petitioner's parents. In the order signed
July 17, 2007, by the Magistrate Judge, he concluded that Dail and Carol Ann
Ables met the prerequisites to "next friend" standing.

made. United States v. Raddatz, 447 U.S. 667, 673-75 (1980). The court need not address any nonspecific, frivolous, or conclusory objections. Battle v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

The Magistrate Judge recommends that petitioner's petition be dismissed with prejudice as time-barred because it was filed beyond the one-year limitations period described in 28 U.S.C. § 2244(d), and petitioner has failed to demonstrate that he is entitled to equitable tolling of the statute of limitations. In his objections, petitioner argues that he is entitled to equitable tolling.[2] Citing a case from the United States Court of Appeals for the Sixth Circuit, he first argues that he is entitled to equitable tolling because he has asserted in his petition a claim of actual innocence. In the Fifth Circuit, the law is settled that the mere assertion of an actual innocence claim does not warrant equitable tolling. See Felder v. Johnson, 204 F.3d 168, 171 (5th Cir. 2000) ("Felder's actual innocence claim also does not constitute a 'rare and exceptional' circumstance [warranting equitable tolling], given that many prisoners maintain they are innocent."). In the remainder of his objections, petitioner simply refers to by reference and re-urges arguments as to why he is entitled to equitable tolling that he previously asserted in his reply brief of October 10, 2007. Petitioner has not raised anything in his objections as would

---

[2] Petitioner's objection to "all of the findings, conclusions and recommendations issued in the Magistrate's Report . . . ," objs. at 2, is nonspecific and thus need not be considered. Battle, 834 F.2d at 421.

cause the court to question the Magistrate Judge's findings and conclusions.

Therefore,

The court accepts the FC&R of the Magistrate Judge and ORDERS that petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed with prejudice as time-barred.

SIGNED July 15, 2008.

JOHN MCBRYDE
United States District Judge

3